**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jerome Henry Evenson,
  )   No. CV 04-1570-PHX-MS
        Plaintiff,
  )
  )   **ORDER**
vs.
  )
  )
Thomas A. Thinnes, et al.,
  )
        Defendant.
  )
  )

Before the Court are the following motions:

1.  Defendant Thomas Thinnes, P.A.'s "Motion to Dismiss" (Doc. # 13);

2.  Defendant Estate of Thomas A. Thinnes' "Motion to Dismiss" (Doc. # 24);

3.  Defendants Donna Thinnes and Thinnes Family Revocable Trust's "Motion to Dismiss Complaint" (Doc. # 42);

4.  Defendants' (Romley and Campagnolo) "Motion to Dismiss First Amended Complaint" (Doc. # 48);

5.  Plaintiff's "Motion to Supplement" (Doc. # 51);

6.  Defendant Thomas A. Thinnes P.A. and the Estate of Thomas A. Thinnes "Motion to Dismiss [First Amended Complaint]" (Doc. # 56);

7.  Jacob Maskovich and Bryan Cave LLP's "Application for Withdrawal as Co-Counsel" (Doc. # 64); and,

1      8.   Plaintiff's "Motion for Leave to File Documents Utilizing CM/ECF" (Doc.

2      # 67).

3  **I.   PROCEDURAL BACKGROUND**

4      Plaintiff filed his Complaint on August 2, 2004, which names Thomas A.

5 Thinnes, Robert Owens, Thomas A. Thinnes, P.A., Richard Romley, Theodore

6 Campagnolo, Maricopa County, Andrew Kunasek, the State of Arizona, Janet

7 Napolitano, and other unknown persons as Defendants. [Doc. # 1]. Plaintiff states

8 that this Court has diversity jurisdiction, as well as subject matter jurisdiction,

9 because Plaintiff asserts damages in excess of $75,000 and violations of his federal

10 civil rights. [Doc. # 1 at 1-2; ¶ 2].

11      Plaintiff alleges that between April 11, and April 16, 2003, he discovered a

12 videotape of a pretrial interview of a state's witness (Nelson) conducted by

13 Defendant Thomas Thinnes in May 2000. [Id. at ¶ 4-5]. Plaintiff alleges that the

14 videotape was made in the presence of Defendant Campagnolo (a Deputy County

15 Attorney) and Robert Owens (an investigator and "associate of Mr. Thinnes"). [Id.

16 at ¶ 5]. The interview was conducted in relation to Plaintiff's second criminal trial,

17 as a mistrial had been declared during Plaintiff's first trial.[1] [Id.].

18      Plaintiff avers that the videotape shows Thinnes receiving a note, authored by

19 Plaintiff, relating to jury instructions. [Id. at ¶ 7]. Plaintiff alleges that after the

20 interview was conducted, the videotape shows that Thinnes made the comment, in

21 the presence of Owens and Campagnolo, that "[a]nyway, this time let's keep his

22 goddamn mouth shut. That paper he–he sent me today–gave me all those

23 instructions–he can shove that up his ass, too." [Id. at ¶ 8]. Plaintiff further alleges

24 that the videotape demonstrates that Thinnes offered Campagnolo "an opportunity

25 to join [his] law firm and work in the newly decorated, jointly owned, offices" and that

26

27        [1] No documents are contained in the record indicating exactly what crime

28 Plaintiff was alleged to have committed.

1 "something be done so he would not have to 'ride this goddamn horse, again.'" [Id.

2 at ¶ 14 (Plaintiff's quotes, which in turn quote Thinnes)].  Plaintiff states that Thinnes

3 also commented to Campagnolo that "he had more important things to do," and that

4 Campagnolo agreed with him. [Id. (same)].   Plaintiff avers that after these

5 statements were made, Thinnes accepted a $12,000 payment of the prearranged

6 $50,000 flat fee for representation at Plaintiff's criminal trial.  [Id. at ¶ 15].  Plaintiff

7 further asserts that Thinnes "was ready to do anything to avoid going to trial again"

8 because the $50,000 retainer paid for the first trial was all that would be paid to

9 Thinnes. [Id. at ¶ 12].

10        Aside from his complaint about Thinnes' conduct, Plaintiff also asserts that

11 Defendant Romley orchestrated the confiscation of one of Plaintiff's newspaper

12 racks  based on a new law that had just been passed. [Id. at  ¶ 13].  Plaintiff states

13 that Romley's actions were politically motivated, in that the raid was merely a "media

14 event" to gain publicity. [Id.].  Plaintiff states that the accompanying press coverage

15 was published throughout the world, damaging his personal, professional and

16 business reputation. [Id.].  Plaintiff also alludes that it was Defendant Romley that

17 ordered Campagnolo to prosecute the criminal case again after the mistrial occurred.

18 [Id.].

19        Plaintiff concludes that as a result of Defendants' "fraud, malicious actions,

20 misdeeds, misconduct, collusion, malfeasance and nonfeasance," he was "denied

21 his constitutional right to defend himself, subjected to extensive expenditures of

22 money and time, government controls, under constant stress, was constrained in

23 self-expression for his editorial commentaries and pursuit of advancing his business,

24 subjected to the disrespect and distrust of the community and his associates," which

25 in turn was "detrimental to his finances, health and well-being." [Id. at 7].  Plaintiff

26 avers that Defendants are jointly and severally liable for $357,670 in financial

27

28

damages, $715,340 in general damages, and $5 million in punitive damages.[2] [Id. at 8].

Plaintiff later sought to amend the complaint to add Thomas Thinnes' wife (Donna Thinnes), and the Estate of Thomas Thinnes and the Thinnes Revocable Family Trust, as Defendants. [Doc. # 11].  Plaintiff also sought to add as Defendants the spouses of Defendants Romley and Owens.

The Court granted Plaintiff's Motion to Amend. [Doc. # 32].  Because Plaintiff failed to name the State of Arizona, Janet Napolitano, Maricopa County, and Andrew Kunasek in the Amended Complaint, the Court dismissed those Defendants.  The Amended Complaint contains the same claims as the Complaint.  Shortly after the Amended Complaint was filed, Plaintiff sought voluntary dismissal of Carol Romley and Terri Owens. [Doc. # 40].  The Court dismissed these Defendants. [Doc. # 47]. Defendant Robert Owens has answered Plaintiff's complaint.[3]

**A.   Defendants Romley and Campagnolo's Motions to Dismiss [Doc. # 48]**

On September 26, 2005, Defendants Maricopa County and Kunasek[4], and Romley and Campagnolo, filed a Motion to Dismiss. [Doc. # 9].  Romley and Campagnolo assert that they are entitled to absolute immunity from suit to the extent that Plaintiff states a claim for a violation of his civil rights, noting that Plaintiff's claims against them relate solely to their alleged actions as prosecutors.  These Defendants further argue that Arizona law prohibits a party from bringing a suit for fraud against an opposing counsel.

---

[2]  Plaintiff admits in the state probate proceedings, however, that this $5 million of punitive damages would "most likely not apply" to his claims against Thomas A. Thinnes. [Doc. # 60, Exh. C].

[3]  A scheduling order has not yet issued as to this Defendant due to pending dispositive motions.

[4]  These Defendants were later dismissed by the Court.  See Doc. # 32.

1    On April 11, 2005, Defendants Romley and Campagnolo renewed their

2  previous Motion to Dismiss the Complaint as to the Amended Complaint. [Doc. # 48].

3  Defendants incorporate by reference their previous Motion to Dismiss (Doc. # 9),

4  which the Court had dismissed as moot (Doc. # 57) because Plaintiff had filed an

5  Amended Complaint.

6    In his response filed April 18, 2005, Plaintiff argues that Romley and

7  Campagnolo are proper defendants because they committed the alleged violations

8  as "individuals, licensed attorneys and officers of the Court, subject to the State

9  Supreme Court Rules of Ethics, regardless of any secondary position of trust for

10  which they may have been granted immunity." [Doc. # 53].   Plaintiff states that

11  Romley and Campagnolo should not have been "employed or retained by the

12  County in their legal capacity" because they did not uphold professional standards

13  as licensed attorneys.   The crux of Plaintiff's argument to avoid Defendants' claim

14  of immunity is that they were bound by Arizona Supreme Court's Rules regarding the

15  practice of law, specifically Defendants' duty of candor to the Court under Rule 3.3.

16    In their Reply, Defendants argue that whether they are licensed attorneys,

17  subject to Arizona Supreme Court's ethical rules, does not defeat absolute immunity.

18  [Doc. # 58].   Defendants reiterate their argument that a plaintiff cannot maintain an

19  action for fraud against opposing counsel.

20    **B. The Thomas A. Thinnes, P.A. and Estate of Thomas Thinnes'**
   **Motions to Dismiss [Doc. # 13, 24, 56]**

21

22    Defendant Thomas A. Thinnes, P.A. filed a Motion to Dismiss on December

23  13, 2004. [Doc. # 13].   Defendant claims that Plaintiff's complaint fails, as a matter

24  of law pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), because

25  Plaintiff's complaint fails to state the elements of fraud and fails to state his claims

26  with particularity.   [Id. at 2].

27    On March 3, 2005, the Estate of Thomas Thinnes ("Estate"), not yet a party

28  to the suit, filed a Motion to Dismiss. [Doc. # 24].   The Estate claimed that Thomas

1   A. Thinnes, who had died after the Complaint was filed, was now an improper

2   defendant.[5]  The Estate further claimed that neither Thomas Thinnes nor the Estate

3   were timely served, and that the summons that issued to the personal representative

4   of the Estate was issued in error and is not in proper form.  The Estate avers that

5   because it was served, albeit improperly, it was compelled to respond to the

6   Complaint.

7        Despite these procedural improprieties, the Estate argues that the probate

8   exception applies to this Court's diversity jurisdiction.  The Estate concludes that if

9   the federal action against it is allowed to proceed, probate of the estate will likely be

10  delayed.  The Estate contends that Plaintiff's claim can be asserted in the probate

11  action, and that Plaintiff has already initiated this process in state court.  Lastly, the

12  Estate claims that the fraud claim against Thomas Thinnes fails pursuant to Federal

13  Rules of Civil Procedure 9(b) and 12(b)(6).

14       Plaintiff filed a joint response to both the Thomas Thinnes, P.A. and the

15  Estate's motions to dismiss. [Doc. # 30].  In his response, Plaintiff states that he

16  thought no response was necessary until all the parties had consented to magistrate

17  judge jurisdiction.  Plaintiff further avers that he made an attempt in October of 2004

18  to ascertain the persons who could be served on behalf of the Estate.  In its Reply,

19  Thomas A. Thinnes, P.A. notes that Plaintiff fails in his response to address its

20  argument that Plaintiff's claim fails as a matter of law pursuant to Federal Rules of

21  Civil Procedure 9(b) and 12(b)(6).  [Doc. # 43].

22       Plaintiff filed another response on April 18, 2005 regarding Thomas A. Thinnes

23  P.A.'s Motion to Dismiss.  [Doc. # 54].  Plaintiff explains the reason why he did not

24

25

26

27       [5]  Plaintiff subsequently filed a motion to substitute Benjamin A. Thinnes for
    Defendant Thomas A. Thinnes, in his capacity as personal representative. [Doc. #
28  51].  No response was filed to this motion.

1  seek leave to file his previous response, as ordered by the Court.[6]  Plaintiff reiterates

2  his conclusion that his Amended Complaint states claims, and that Defendants'

3  "emotional appeals" regarding closure of the estate should not be allowed to

4  "override" his own hope of bringing closure to Defendants' fraud.

5      Defendants Thomas A. Thinnes, P.A. and the Estate filed a combined Motion

6  to Dismiss the Amended Complaint on April 20, 2005. reiterating the arguments

7  contained in their separate motions to dismiss. [Doc. # 56].

8      On May 24, 2005, Plaintiff filed two separate responses, apparently to the

9  renewed motion filed by the two defendants.  [Doc. # 60, 61].  Plaintiff reiterates the

10  arguments contained in his other responses.  Plaintiff asks the Court to "continue the

11  Federal process started (prior to the action in Probate) and establish the amount of

12  the monetary claim Plaintiff has made. . . ."

13      The Estate and Thomas A. Thinnes, P.A. filed their Replies on June 13, 2005

14  (Doc. # 62, 63).  The Estate incorporates its and Thomas A. Thinnes, P.A.'s Reply

15  on the Motion to Dismiss the Amended Complaint (Doc. # 62) by reference in the

16  Estate's Reply on the Motion to Dismiss the Original Complaint (Doc. # 63).  After

17  an 8-page iteration of the complicated procedural process of the case (e.g., the two

18  pending motions to dismiss and attempts to respond and reply to those motions), the

19  Estate and Thomas A. Thinnes, P.A. repeat their argument that the Court should

20  dismiss Plaintiff's fraud claim pursuant to Rule 9(b) for failure to plead all the

21  elements of fraud and for failure to provide the requisite particularly required by the

22  rule. [Doc. # 62 at 9-10].   These Defendants also repeat their Rule 12(b)(6)

23  contention related to Plaintiff's failure to state a claim for fraud. [Id. at 10].

24  Defendants aver that the probate exception to diversity jurisdiction over an otherwise

25  state law claim (fraud) should apply, especially given that Plaintiff has filed a claim

26  in state court that "mirrors" his claims in federal court. [Id. at 11].

27

28      [6]  See Doc. # 32.

### C. Donna Thinnes and the Thinnes Family Revocable Trust's Motion to Dismiss [Doc. # 42]

On April 7, 2005, Defendant Donna Thinnes and the Thinnes Family Revocable Trust ("Trust") filed their Motion to Dismiss. [Doc. # 42].   These Defendants aver that Plaintiff's Amended Complaint for fraud against them fails as a matter of law pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6). Specifically, Defendants argue that Plaintiff's complaint in no way states how Donna Thinnes, or the Trust, committed fraud against Plaintiff.   Defendants aver that Plaintiff is mistaken that Donna Thinnes and the Trust are necessary for Plaintiff to achieve final adjudication of his claims.  Lastly, Defendants reiterate the argument of the other Thinnes' defendants that the Court should not exercise jurisdiction because of the probate exception to diversity jurisdiction.

In his Response to Donna Thinnes and the Trust's motion, Plaintiff counters that he has documentation showing that financial assets were unlawfully transferred by Thomas Thinnes to the Trust and Donna Thinnes in an effort to "thwart claims against [Thomas Thinnes]." [Doc. # 52].  Plaintiff further states that although he has filed a claim in probate court, and although that court would "normally be the proper place to make claims," it is not the proper venue for harm done interstate and worldwide that involve tort and fraud damages. . . ."  Plaintiff avers that the "estate must merely be protected from decimation and distribution" until such time that his case is resolved in this Court.  As to Defendants' claims that his complaint fails as a matter of law for failure to state a claim and failure to plead with specificity, Plaintiff states that he has plead the essential elements of "tort-fraud" and damages.

Defendants filed a reply on April 20, 2005. [Doc. # 55].  Defendants aver that Plaintiff fails to identify any alleged knowing and voluntary participation in fraud or misrepresentations by any defendant, let alone Donna Thinnes or the Trust. Defendants reiterate that Plaintiff must seek relief from the Estate, and not its

1    beneficiaries.  Defendants further aver that there is no "worldwide or interstate"

2    damage exception to the probate exception.

3    **II.    ANALYSIS**

4    **A.  The Fraud Claims Against the Thinnes Defendants**

5    **1.    Dismissal of Thomas A. Thinnes**

6    Plaintiff concedes that Thomas A. Thinnes should be dismissed, and personal

7    representative Benjamin A. Thinnes substituted in his place.  Defendants did not

8    oppose Plaintiff's motion to substitute.  To the extent that the Amended Complaint

9    seeks to recover for Thomas Thinnes' alleged frauds, Arizona Revised Statute

10   section 14-3110 provides that a cause of action against a decedent, including one

11   for fraud, can be maintained against the decedent's personal representative.  A.R.S.

12   § 14-3110.  See also 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H.

13   COOPER, FEDERAL PRACTICE & PROCEDURE § 1952 n. 3 (2nd Ed. 1986) (stating that

14   in a diversity case, state law is controlling on whether a claim survives the death of

15   a defendant); Federal Rule of Civil Procedure 25(a)(1).

16   Accordingly, the Court will grant Plaintiff's motion (Doc. # 51) to substitute

17   Benjamin A. Thinnes, personal representative, for deceased defendant Thomas A.

18   Thinnes (Doc. # 51).  Defendant Thomas A. Thinnes will be dismissed from this

19   action.

20   **2.    Rule 12(b)(6) Dismissal and The Probate Exception:**
21   **Defendants Thomas A. Thinnes, P.A., the Estate of Thomas A.**
     **Thinnes, the Thinnes Revocable Family Trust and Donna G.**
22   **Thinnes**

     Thomas A. Thinnes, P.A., the Estate of Thomas A. Thinnes, The Thinnes
23
     Revocable Family Trust and Donna G. Thinnes ("Thinnes Defendants") contend that
24
     the probate exception to federal court diversity jurisdiction applies and that the Court
25
     should dismiss this action for lack of subject matter jurisdiction.  Defendants aver
26
     that Plaintiff's claims against the estate in his federal court complaint may be
27
     resolved in the state probate action, in which Defendants allege Plaintiff has filed a
28

- 9 -

1   Notice of Claim indicating that his claim as a creditor is based on his federal court

2   lawsuit. [See Doc. # 24, Exh. G (Notice of Claim)].  These Defendants also contend

3   that even if this Court were to exercise jurisdiction over Plaintiff's fraud claims,

4   Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted

5   because Plaintiff fails to allege these Defendants committed the actual fraud.

6         Plaintiff alleges that Thomas A. Thinnes committed fraud in two respects: (1)

7   common law fraud by continuing Plaintiff's criminal representation, and collecting

8   attorney's fees, while at the same time allegedly making statements against

9   Plaintiff's interests; and (2) fraudulently transferring monies to certain persons or

10  entities to defraud Plaintiff of his potential judgment against Thomas Thinnes for

11  fraud.  Plaintiff does not contend that Thomas Thinnes, P.A., the Estate, Trust, or

12  Donna Thinnes committed the frauds alleged in the Amended Complaint.  Therefore,

13  to the extent that Plaintiff's complaint can be construed as making fraud claims

14  against these Defendants, Plaintiff's complaint fails as a matter of law pursuant to

15  Federal Rule of Civil Procedure 12(b)(6).

16        The underlying reason for Plaintiff naming these parties as defendants

17  appears to be so that if he is successful in his fraud claims against the personal

18  representative, he can secure a judgment against them.   Plaintiff's complaint

19  satisfies the formal requirements under statute for diversity jurisdiction: there is

20  complete diversity between the parties and an amount in controversy exceeding

21  $75,000.  28 U.S.C. § 1332(a)(1).  However, the U.S. Supreme Court has exempted

22  certain probate matters from diversity jurisdiction.  "[F]ederal courts have equity

23  jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other

24  claimants against a decedent's estates 'to establish their claims' so long as the

25  federal court does not interfere with the probate proceedings or assume general

26  jurisdiction of the probate or control of the property in the custody of the state court."

27   Markham v. Allen, 326 U.S. 490, 494 (1946) (citing Waterman v. Canal-Louisiana

28  Bank & Trust Co., 215 U.S. 33, 43 (1909)).

1    While Plaintiff may, under some circumstances (see analysis, infra) seek in

2 federal court to establish his right to monies that are the subject of the underlying

3 probate proceedings, "a federal court may not directly order the distribution of

4 property in the custody of a state court."  13B CHARLES ALAN WRIGHT, ARTHUR R.

5 MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3610 (2nd Ed.

6 1984) (citing Byers v. McAuley, 149 U.S. 608, 618 (1893)).  See also In re Marshall,

7 392 F.3d 1118, 1131 (9th Cir. 2004).  Instead, if and when a creditor has established

8 a claim against an estate in federal court, the creditor must still take his place and

9 share in the estate as provided for in probate proceedings.  Assuming that Plaintiff

10 would prevail on his fraud claims in federal court, Arizona statute provides a

11 procedure under which Plaintiff may present a claim against Thomas A. Thinnes'

12 estate.  See A.R.S. §§ 14-3801-3816.

13    Therefore, to the extent that Plaintiff's Amended Complaint can be construed

14 as making claims against the Thinnes Defendants for the sole purpose of securing

15 judgment if Plaintiff prevails in his fraud claims against the personal representative,

16 the Court finds that the probate exception applies and prevents this court from

17 exercising subject matter jurisdiction over those claims.   Accordingly, in the

18 alternative, the Court will dismiss Thomas A. Thinnes, P.A., the Thomas Family

19 Revocable Trust, Donna Thinnes and the Estate of Thomas A. Thinnes from this

20 action for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).

21       **3.   Plaintiff's Fraud Claims Against Personal Representative Benjamin Thinnes**

22

23 Plaintiff contends in his response to Donna Thinnes and the Thinnes Family

   Revocable Trust's motion to dismiss that Thomas Thinnes "did unlawfully ascribe,
24
   or cause to be ascribed, the unauthorized signatures of others to certain official
25
   documents for the purpose of thwarting claims against him, his property of his
26
   estate, by damaged individuals such as the Plaintiff."  [Doc. # 52 at 2].  Regardless
27
   of the probate exception to federal jurisdiction over this claim, Plaintiff has not
28

1  asserted this claim in the Complaint or Amended Complaint. Plaintiff cannot assert
2  claims, for the first time, in responsive pleadings to a dispositive motion.
3  Accordingly, to the extent that Plaintiff seeks to assert a claim of fraudulent
4  transfer(s),[7] Plaintiff must seek amendment of the Amended Complaint.

5       Plaintiff's other fraud claim relates to Thomas Thinnes' acceptance of payment
6  for $12,000 of legal services, while at the same time, allegedly making derogatory
7  statements about Plaintiff to third-parties that resulted in deprivation of Plaintiff's right
8  to assist in his own defense, and subsequent payment of $141,270 in legal
9  expenses. Plaintiff's claim against Thomas Thinnes appears to amount to
10 $1,073,010.[8]  Defendant Thomas A. Thinnes (in the Estate's motion to dismiss)
11 argues that the Court should dismiss Plaintiff's Amended Complaint for failure to
12 plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). In
13 the alternative, Defendant contends that the Court should dismiss the complaint for
14 failure to state a claim, or to dismiss for lack of subject matter according to the
15 probate exception.

16                 **a.     The Probate Exception**

17      As to the latter defense, Defendant avers that if the Court were to entertain
18 Plaintiff's claims, the timely probate of Thomas Thinnes estate will be hindered.
19 Defendants contend that Plaintiff's claim can be heard in the probate matter, and
20 that Plaintiff has already taken steps to secure his claim in probate court.

21      The Arizona Supreme Court has held that it is not error for *related* probate and
22 tort actions to be consolidated before the Superior Court judge assigned to the
23 probate matter. Johnson v. Myers, 184 Ariz. 98 (Ariz. 1995). In that case, the estate
24 filed a separate tort action in the civil division of the Superior Court against former

25

26     [7] A cause of action for fraudulent transfer exists under the Arizona Fraudulent
27 Transfers Act, A.R.S. § 44-1101, et seq.

28     [8] Doc. # 60, Exh. C.

1   personal representatives and lawyers for fraud related to administration of the

2   estate.  Id. at 99.  The probate judge consolidated that action with the probate

3   matter.  Id.  The Arizona Supreme Court, in upholding the consolidation, held that

4   "actions involving a common question of law or fact may be consolidated" and that

5   the probate court may make orders that "may tend to avoid necessary costs or

6   delay."  Id. at 102 (citing Ariz. R. Civ. P. 42).   However, if the actions are

7   consolidated, the summary probate procedures are inapplicable to the tort action

8   and the parties to the tort action are "entitled to all the rights they would have had

9   under the Rules of Civil Procedure or otherwise. . . . " Id.

10      As Defendant contends, Plaintiff could have filed his tort claims in the civil

11   division of the Arizona Superior Court.  Unlike the Johnson case, however, Plaintiff's

12   claim, if filed in the Superior Court, would not have necessarily contained a question

13   of law or fact (except that Plaintiff seeks a remedy out of the Estate) that would

14   justify consolidation.  Further, consolidation in state court would not result in the

15   summary procedures of probate being applied to the tort action, and the case would

16   be handled like any other tort case in the Superior Court's civil division.  Therefore,

17   whether Plaintiff's tort action proceeds in the Superior Court (either as a separate

18   civil action, or as consolidated with the probate action) or in federal court, the same

19   basic rules of procedure regarding timely resolution would apply.  Put another way,

20   Defendants' conclusion that probate may be delayed by Plaintiff's civil action in this

21   Court appears no less true if the civil action was pursued in the Superior Court.

22      While the probate exception applies where a federal court may "interfere" with

23   state probate proceedings, Defendants provide no specific argument or citation as

24   to how litigation of claims in this court would prevent the estate from being probated.

25   The Arizona probate code provides a procedure for the personal representative to

26   disallow a claim.  A.R.S. §14-3806(A).  Plaintiff's claim has been disallowed by the

27   personal representative. [Doc. # 60, Exh. B].    Plaintiff has filed an objection,

28   requesting that the probate court order the personal representative to prohibit a

1   disbursement of the estate that would interfere with collection of Plaintiff's claim.  To

2   the extent that Plaintiff's request is denied, if Plaintiff ultimately obtains a judgment

3   on his fraud claim, Arizona statute provides that "a judgment in a proceeding in

4   another court against a personal representative to enforce a claim against a

5   decedent's estate is an allowance of the claim."  A.R.S. § 14-3806(D). At that

6   juncture, Plaintiff has a right, under certain circumstances, to pursue a claim against

7   distributees if the assets of the estate have been distributed.  A.R.S. § 14-3934.

8   Therefore, the Court finds that Plaintiff's claims in this Court are not related to the

9   administration or assets of Thomas Thinnes' estate and that the probate exception

10  to federal subject matter jurisdiction does not apply to Plaintiff's fraud claim against

11  the personal representative.

12                          **b.    Dismissal for Failure to State a Claim and Failure to Plead
                                    with Particularity**

13

14          That said, "[d]ismissal can be based on the lack of a cognizable legal theory

15  or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri

16  v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  However, "a complaint

17  should not be dismissed for failure to state a claim unless it appears beyond doubt

18  that the plaintiff can prove no set of facts in support of his claim which would entitle

19  him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In applying this

20  standard, the Court assumes that all of Plaintiffs' allegations are true. Reddy v. Litton

21  Indus., Inc., 912 F.2d 291, 293 (9th Cir. 1990), cert. denied, 502 U.S. 921 (1991).

22          A showing of fraud requires: "(1) a representation; (2) its falsity; (3) its

23  materiality; (5) the speaker's knowledge of its falsity or ignorance of its truth; (5) the

24  speaker's intent that it be acted upon by the recipient in the manner reasonably

25  contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its

26  truth; (8) the right to rely on it; and (9) his consequent and proximate injury." Nielson

27  v. Flashberg, 101 Ariz. 335, 338 (1966); (citing Moore v. Meyers, 31 Ariz. 347, 354

28  (Ariz. 1927)).  Without any elaboration, Defendants argue in their motion to dismiss

1  that Plaintiff's complaint fails to state a claim for fraud, and that Plaintiff has failed to
2  plead fraud with particularity.

3      To the extent that the Court liberally construes a *pro* se Plaintiff's pleadings,
4  Christensen v. Commissioner, 786 F.2d 1382, 1384-1385 (9th Cir. 1986), the Court
5  interprets the allegations contained in Plaintiff's Amended Complaint as follows.
6  Thomas Thinnes agreed to represent him in his criminal case for a fee.  Despite this
7  agreement, Thomas Thinnes' statements on the videotape indicate that he was not
8  representing Plaintiff's interests.  Plaintiff relied on Thomas Thinnes' representations
9  to the extent that he paid Thomas Thinnes the remainder of his retainer.  This
10  reliance resulted in the incurrence of additional legal fees beyond the $50,000
11  retainer, as well as other general damages.

12      In the absence of any specific argument by Defendant Thinnes as to how the
13  fraud allegation fails, it cannot be said beyond doubt, at this juncture, that the plaintiff
14  can prove no set of facts in support of the fraud claim which would entitle him to
15  relief.  Therefore, the Court will deny Defendant Thomas Thinnes' (made by the
16  Estate and applicable to the personal representative) motion to dismiss pursuant to
17  Federal Rule of Civil Procedure 12(b)(6).

18      Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud
19  or mistake, the circumstances constituting fraud or mistake shall be plead with
20  particularity.  Malice, intent, knowledge or other condition of mind of a person may
21  be averred generally."  Fed. R. Civ. P. 9(b).  "'A pleading is sufficient under rule 9(b)
22  if it identifies the circumstances constituting fraud so that a defendant can prepare
23  an adequate answer from the allegations.'"  Wool v. Tandem Computers, Inc., 818
24  F.2d 1433, 1439 (9th Cir. 1987) (quoting Semegen v. Weidner, 780 F.2d 727, 735
25  (9th Cir. 1977)).  "Statement of the time, place and nature of the alleged fraudulent
26  activities are sufficient."  Id.

27      Plaintiff's Amended Complaint states with sufficiency, for purposes of a motion
28  to dismiss under Rule 9(b), the time, place and nature of Thomas' Thinnes' alleged

1    fraud: the date the videotape was made, the statements made on the videotape, and

2    that Thomas Thinnes collected monies from Plaintiff after the statements were

3    made.  No specificity is required regarding Thinnes and Plaintiff's state of mind,

4    although Plaintiff does state that he believed that Thinnes would be representing

5    him.  Accordingly, the Court will deny Defendant Thomas Thinnes' (through the

6    personal representative) motion to dismiss for failure to state a claim pursuant to

7    Federal Rule of Civil Procedure 9(b).

8    **B.  Plaintiff's Claims Against Romley and Campagnolo**

9    Plaintiff's Amended Complaint contains two civil rights claims against

10   Defendants Romley and Campagnolo.  First, Plaintiff alleges that his civil rights were

11   violated by Defendant Campagnolo by his failure to report Thinnes' alleged ethical

12   violations to the Arizona State Bar.  This failure, Plaintiff alleges, denied Plaintiff his

13   right to assist in his own defense.  Plaintiff also alleges that Defendant Campagnolo

14   assisted, and aided and abetted, Defendants Thinnes' fraudulent acts by failing to

15   report Thinnes' ethical violations and by agreeing with some of Thinnes' statements

16   regarding Plaintiff's representation. Second, Plaintiff claims that Defendant Romley

17   held a press conference related to seizure of Plaintiff's newspaper racks, which

18   damaged his personal and professional reputation, violated his first amendment

19   rights, and which was held purely for political motives.

20   **1.   The Civil Rights Claims**

21   42 U.S.C. section 1983 provides a cause of action against "[e]very person

22   who deprives a person of their constitutional rights while acting under the color of

23   state law."  42 U.S.C. § 1983.  However, acts undertaken by a prosecutor in

24   preparing for the initiation of judicial proceedings and for trial, and which occur in the

25   course of his role as an advocate for the State, are entitled to the protections of

26   absolute immunity."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (stating that

27   absolute immunity protects prosecutorial actions that are "intimately associated with

28   the judicial phase of the criminal process").  In determining immunity, the Court

1  examines "the nature of the function performed, not the identity of the actor who

2  performed it."  Forrester v. White, 484 U.S. 219, 229 (1988).

3  **a.    Defendant Romley**

4  As an initial matter, Defendant Romley's statements to the press are not

5  entitled to absolute immunity.  Buckley v. Fitzsimmons, 509 U.S. 259, 277 (1993);

6  Milstein v. Cooley, 257 F.3d 1004, 1013 (9th Cir. 2001).  Accordingly, as to Romley's

7  statements to the press, the Court will deny Defendant Romley's Motion to Dismiss.

8  As to the violation of Plaintiff's first amendment rights relating to initiation of

9  criminal charges, Plaintiff does not allege that the Arizona statute that he was

10  charged under was unconstitutional pursuant to the First Amendment.   Further,

11  Plaintiff does not allege that Defendant Romley's actions related to initiation of the

12  criminal prosecution based on a valid criminal statute were not intimately related to

13  his job as prosecutor and County Attorney.  Therefore, Defendant Romley is entitled

14  to absolute immunity from this claim.   Therefore, to the extent that Plaintiff's

15  Amended Complaint alleges that Defendant Romley's actions related to the criminal

16  prosecution violated Plaintiff's civil rights by curtailing Plaintiff's protected freedom

17  of speech, the Court will grant Defendant Romley's motion to dismiss.

18  **b.    Defendant Campagnolo**

19  Plaintiff alleges that his right to due process was violated by Defendant

20  Campagnolo's failure to report Thomas Thinnes' alleged statements contained on

21  the videotape to his immediate supervisors, the trial judge, and Plaintiff himself.

22  Plaintiff avers that his right to defend himself was violated by Campagnolo's silence.

23  In his response to the motion to dismiss, Plaintiff further avers that Campagnolo had

24  a duty to report Plaintiff's statements to the Arizona State Bar.   Defendant

25  Campagnolo maintains that he is entitled to absolute immunity from this claim.

26  Although not raised by Defendant Campagnolo, it is doubtful that a due

27  process violation occurred based on the facts plead in the Amended Complaint. "The

28  suppression by the prosecution of evidence favorable to the accused. . . violates due

1   process where the evidence is material either to guilt or punishment. . . ."  <u>Brady v.</u>

2   <u>Maryland</u>, 373 U.S. 83, 87 (1963).   The due process clause did not require

3   Campagnolo to disclose the non-evidentiary matter of Thinnes' alleged sub-par

4   representation of Plaintiff at his criminal trial because such representation was not

5   "evidence" related to Plaintiff's "guilt."   Even if the alleged comments made by

6   Thinnes were in any way unethical and Campagnolo was obligated to report his

7   comments, Plaintiff reserved the right to terminate Thinnes' retained representation

8   if indeed Plaintiff observed Thinnes was not zealously defending him after the

9   mistrial. Further, whether Campagnolo was required to report Thinnes' alleged

10  unethical conduct to the Arizona State Bar has no bearing on due process

11  requirements related to Plaintiff's criminal trial.

12         To the extent Plaintiff could establish a due process violation, Defendant

13  Campagnolo is entitled to absolute immunity from the claim.  Participation in witness

14  interviews, with defense counsel present, are part and parcel of the judicial phase

15  of the criminal process and is within the scope of a prosecutor's duties.   Many

16  encounters occur between prosecutors and defense counsel during the process of

17  a criminal prosecution, and Campagnolo's omissions, if any, were made in the

18  context of an adversarial process.  Accordingly, the Court will dismiss Plaintiff's civil

19  rights claim against Defendant Campagnolo based on Defendant Campagnolo's

20  absolute immunity from suit.

21              **2.    The Fraud Claims**

22         Plaintiff's fraud claims against Defendants Romley and Campagnolo fail.

23  "Justifiable reliance" is one element that must be plead in a complaint for fraud.

24  <u>Linder v. Brown & Herrick</u>, 189 Ariz. 398, 404-405 (Ariz. App. 1997).  As a matter of

25  law, opposing counsel does not have the duty to protect plaintiff from retained

26  counsel's deficient and fraudulent representation, nor would Plaintiff be justified in

27  relying on opposing counsel to do so.  <u>Id.</u>

28

**III. ORDERS**

Based on the foregoing analysis,

IT IS ORDERED that:

1. Jacob Maskovich and Bryan Cave LLP's "Application for Withdrawal as Co-Counsel" (Doc. # 64) is GRANTED.

2. Plaintiff's "Motion to Supplement" (Doc. # 51) is GRANTED. Benjamin Thinnes, personal representative of the Estate of Thomas A. Thinnes, is substituted for Defendant Thomas A. Thinnes.  The fraud action shall proceed against personal representative Benjamin Thinnes, as explained herein.

3. Defendant Thomas A. Thinnes P.A. and the Estate of Thomas A. Thinnes' "Motion to Dismiss [First Amended Complaint]" (Doc. # 56) is GRANTED except as ordered in number 7 of this Order, _infra_.  All claims against Thomas Thinnes, P.A. and the Estate of Thomas A. Thinnes are DISMISSED from this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

4. Defendant Thomas Thinnes, P.A.'s "Motion to Dismiss" (Doc. # 13) is DENIED as moot.

5. Defendant Estate of Thomas A. Thinnes' "Motion to Dismiss" (Doc. # 24) is DENIED as moot.

6. Defendants Donna Thinnes and Thinnes Family Revocable Trust's "Motion to Dismiss Complaint" (Doc. # 42) is GRANTED.  All claims against Donna Thinnes and the Thinnes Family Revocable Trust are DISMISSED from this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

7. To the extent that the Estate's motions to dismiss (Doc. # 56, 24) can be construed as a motion to dismiss filed on behalf of Thomas A. Thinnes _as an individual_ (and who has now been replaced as a defendant by

Benjamin A. Thinnes' substitution), and to the extent that motion to dismiss seeks dismissal of the fraud claims against Thomas A. Thinnes as an individual,  the Estate's motions to dismiss (Doc. # 56, 24) are DENIED for the reasons stated herein.  That is, the fraud claim remains against Benjamin A. Thinnes as personal representative of Thomas A. Thinnes.

8. Defendants' (Romley and Campagnolo) "Motion to Dismiss First Amended Complaint" (Doc. # 48) is GRANTED in part and DENIED in part.

    a. All claims against Defendant Campagnolo are DISMISSED for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

    b. The fraud, and civil rights claims related to infringement of Plaintiff's First Amendment rights stemming from the criminal prosecution, against Defendant Romley are DISMISSED for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

    c. Defendant Romley's motion to dismiss as to the claims related to his statements to the press is DENIED.

9. Plaintiff's "Motion for Leave to File Documents Utilizing CM/ECF" (Doc. # 67) is DENIED without prejudice to the filing of a motion in the format contained in the sample motion attached to this Order.

DATED this 28th day of September, 2005.

_____

Morton Sitver
United States Magistrate Judge

ATTACHMENT TO ORDER

Name
Address
City, State, Zip
Telephone number

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Plaintiff, | CV |
| vs. | **MOTION TO ALLOW ELECTRONIC FILING BY A PARTY APPEARING WITHOUT AN ATTORNEY and SUPPORTING INFORMATION** |
| Defendant. |  |

I, _____, declare that I am the Plaintiff/Defendant representing myself in this action; that I hereby request permission to electronically file and serve my documents. I state that, upon a showing of good cause below, I am able to comply with the equipment and rule requirements governing electronic filing.

In further support of this application, I answer the following questions:

- 21 -

A.    Type of personal computer and related software/equipment available for use:

- A Pentium-class personal computer running Windows 95 or later or MacIntosh with at least 16 Mb RAM.
- Internet Explorer 5.5 or higher, or Netscape 4.6 or 4.7 or higher (note: Netscape 6.0 is not compatible.)
- Internet access (high speed is recommended)
- PDF compatible word processor (e.g. MS Word, WordPerfect)
- PDF conversion software such as Adobe Acrobat 4.0 or higher.
- Scanner for paper exhibits or other supporting documents.

_____

_____
_____

B.    Do you have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions?

Yes _____        No _____

C.    Are you currently or will you be a subscriber to PACER (Public Access to Court Electronic Records)?

Yes _____        No _____

D.    Have you read and become familiar with the District of Arizona's CM/ECF Administrative Policies and Procedures Manual?

Yes _____        No _____

E.    Are you able to comply with the all of the requirements, including the electronic submission of documents in .pdf, of the District of Arizona's CM/ECF Administrative Policies and Procedures Manual?

Yes _____        No _____

1

F.     Are you able to comply with the privacy policy of the Judicial Conference of the
       United States and the E-Government Act of 2002?

2

3

       Yes    ____        No     ____

4

                    DATED this ___ day of _____, 200__.

5

6

       _____

7      Your signature in ink
       _____

8      Your name typed or printed
       _____

9

       _____

10     Address
       _____

11     Telephone Number

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

ATTACHMENT TO ORDER

2

3

4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE DISTRICT OF ARIZONA

6

7

8                  Plaintiff,                     )
                                                  )   CV
9       vs.                                       )
                                                  )   **ORDER**
10

11                 Defendant.

12

13      **IT IS ORDERED,**

14

15

16      _____  **GRANTING** the Motion to Allow Electronic Filing by a Party Appearing Without an

17      Attorney.  The party is required to comply with all rules outlined in the District of

18      Arizona's Case Management/Electronic Case Filing Administrative Policies and

19      Procedures Manual, have access to the required equipment and software, have a

20      personal electronic mailbox of sufficient capacity to send and receive electronic

21      notice of case related transmissions, be able to electronically transmit documents

22      to the court in .pdf, complete the attached form to register as a user with the Clerk's

23      Office within five (5) days of the date of this Order, register as a subscriber to

24      PACER (Public Access to Electronic Records) within five (5) days of the date of this

25      Order and comply with the privacy policy of the Judicial Conference of the United

26      States and the E-Government Act of 2002.

27

28      Any misuse of the CM/ECF system will result in immediate discontinuation of this

        privilege and disabling of the password assigned to the party.

_____   **DENYING** the Motion to Allow Electronic Filing by a Party Appearing Without an

attorney.

DATED this ___ day of _____, 200__.


_____
United States District/Magistrate Judge

## Electronic Case Files Participant Registration Form

This form is to be used to register for an account on the District of Arizona's Case Management/Electronic Case Files (CM/ECF) System. Registered users will have privileges to electronically submit documents and to view and retrieve electronic docket sheets and documents as available for cases assigned to the CM/ECF system. The following information is required for registration:

## Personal Information

First  Name  _____   Middle  Name  _____

Last  Name  _____   Generation  _____

Address _____

City _____ State _____ Zip Code + 4 _____

Telephone Number _____ Fax Number _____

Your login and password will be sent to the address entered above.  You must enter a valid e-mail address in order to obtain an CM/ECF login.

Primary e-mail address _____

If you would like notices to be sent to other e-mail addresses (limit of two (2), in addition to your primary e-mail address, please enter them in the field below, separated by commas.

Alternate e-mail address(es) _____

E-mail type _____ HTML - Recommended for most e-mail clients

_____ Plain Text - Recommended for older e-mail clients which cannot process HTML e-mail.

If you already have an CM/ECF login and password with another court, please enter it in the field below.  The same login and password, if available, will be assigned to you for the District of Arizona.

Current  Login  and  Password  _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

This CM/ECF system is for use only in cases designated by the United States District Court for the District of Arizona. The CM/ECF system may be used to file and view electronic documents, docket sheets, and notices.  Please contact the Clerk's Office at (602) 322-_____ or e-mail _____to schedule training.

Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion and other paper must be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers must be signed by the party.  A registered user's password issued by the Clerk's Office combined with the identification, serves as and constitutes the registered user's signature.  Therefore, a registered user must protect and secure the password issued by the Clerk's Office.  If there is any reason to suspect the password has been compromised in any way, it is the duty and responsibility of the registered user to immediately notify the Clerk's Office.  This should include the resignation or reassignment of the person with authority to use the password, The Clerk's Office will immediately delete the password from the electronic filing system and issue a new password.

Each registered user desiring to electronically file documents must complete and sign an Electronic Case Files Attorney/Participant Registration Form.  Registering as a user constitutes: (1) consent to receive notice electronically and waiver of the right to receive notice by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D); (2) consent to electronic service and waiver of the right to service by personal service or first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), except with regard to service of a summons and complaint.  Waiver of service and notice by first class mail applies to notice of the entry of an order or judgment.  Notice by electronic means is complete as set forth in the Electronic Case Filing Administrative Policies and Procedures Manual.

A registered user accesses court case information by the court's Internet site or through the Public Access to Court Electronic Records (PACER) Service Center.  Although the Clerk's Office manages the procedures for electronic filing, all electronic public access to case file documents occurs through PACER.  A PACER login is required, in addition to, the login and password issued by the Clerk's Office.  To register for PACER, a user must complete the online form or submit a registration form available on the PACER website http://pacer.psc.uscourts.gov

By this registration, the undersigned agrees to abide by all of the rules and regulations in the Electronic Case Filing Administrative Policies and Procedures Manual currently in effect and any changes or additions that may be made to such administrative procedures in the future.

Date _____

s/_____
Participant Signature

Type your full name, prefixed with "s/", in the field above to acknowledge
that you have read and understand the information in this document.