**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome Henry Evenson, ) | No. CV 04-1570-PHX-MS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Thomas A. Thinnes, et al., ) | |
| Defendant. ) | |

      Pending before the Court is "The Thinnes Defendants' Motion to Dismiss Plaintiff's January 4, 2006 Amended Complaint" (Doc. # 84). Plaintiff filed a Second Amended Complaint pursuant to this Court's December 12, 2005 Order dismissing Plaintiff's only remaining claim against the Thinnes Defendants. Defendant Robert Owens filed a joinder in the Thinnes Defendants' Motion to Dismiss (Doc. # 85). Plaintiff filed responses to the Thinnes Defendants' Motion to Dismiss and to Defendant Owens' joinder (Docs. # 93, 94). The Thinnes Defendants and Defendant Owens filed replies (Docs. # 96, 97).

Plaintiff's Second Amended Complaint

      In this Court's December 12, 2005 Order, this Court granted Defendant Benjamin Thinnes' Motion for Reconsideration of Two Rulings in the Court's September 28, 2005 Order. As a result, Plaintiff's fraud claim against Defendant Benjamin Thinnes was dismissed. The Court provided Plaintiff with 30 days "to file

1 an Amended Complaint with the Court that specifically addresses the nine factors 2 enumerated [in the Order] which are required to establish a fraud claim, and alleging 3 facts in support thereof."  See Doc. # 82 at 4.  Plaintiff filed his Second Amended 4 Complaint on January 4, 2006 (Doc. # 83).  Plaintiff names Thomas A. Thinnes 5 (deceased), the Estate of Thomas A. Thinnes, Thomas A. Thinnes, P.A., and 6 Benjamin A. Thinnes as the personal representative of the Estate of Thomas A. 7 Thinnes ("The Thinnes Defendants").  Plaintiff also names Defendant Robert Owens 8 and other unknown defendants.

9 Substantively, Plaintiff's Second Amended Complaint attempts to restate his 10 fraud claim against the Thinnes Defendants with particularity pursuant to FED. R. CIV. 11 P. 9(b) and Nielson v. Flashberg, 419 P.2d 514 (Ariz. 1966).  Plaintiff further 12 presents an entirely new claim of breach of contract.

13 As an initial matter, the Thinnes Defendant correctly note that this Court's 14 December 12, 2005 Order did not provide Plaintiff with unfettered liberty to present 15 new claims.  Rather, the explicit purpose of this Court's Order was to provide Plaintiff 16 with one final opportunity to plead with specificity his fraud claim against the Thinnes 17 Defendants.  As a result, Plaintiff's breach of contract claim will be dismissed with 18 prejudice.

19 Plaintiff's Fraud Claim

20 The Thinnes Defendants and Defendant Owens, through his joinder, move to 21 dismiss Plaintiff's fraud claim for failure to state a claim pursuant to FED. R. CIV. P. 22 12(b)(1) and 12(b)(6).

23 Specifically, Defendants contend that Plaintiff has "failed to identify a single 24 representation allegedly made by Mr. Thinnes to Plaintiff that could support a 25 common law claim for fraud."  (Doc. # 84 at 3).  The Court agrees.

26 Plaintiff's Second Amended Complaint has not cured the fatal defects 27 articulated in this Court's December 12, 2005 Order.  Again, Plaintiff has failed to 28 identify a representation made by Mr. Thinnes to Plaintiff that supports a claim for

1 common law fraud.  Plaintiff posits two separate theories to establish the
2 representation requirement.  First, Plaintiff argues that "[t]he existence of an
3 attorney-client relationship is a 'representation' in an of itself."  Plaintiff
4 misunderstands the meaning of representation as it relates to establishing a claim
5 for fraud. The fact that Defendant Thomas Thinnes "represented" Plaintiff during his
6 criminal trials does not establish a representation.  To establish the "representation"
7 factor, Plaintiff must show a statement or promise made by Defendant Thomas
8 Thinnes, the mere fact that Plaintiff was "represented" is insufficient.

9 Plaintiff's second theory to establish a representation is again his contention
10 that Defendant Thomas Thinnes' promise to allow Plaintiff to "represent himself"
11 during his criminal proceedings is the representation which Plaintiff asserts proved
12 to be false.  Plaintiff has articulated a "representation," thereby satisfying the first
13 factor of the Nielson test.

14 That said, Plaintiff's claim again fails to demonstrate that the speaker knew *at*
15 *the time the representation/statement was made that it was false or would not be*
16 *honored*.  See Nielson, 419 P.2d at 516.  Plaintiff has not articulated any evidence
17 to suggest that Defendant Thomas Thinnes did not intend to allow Plaintiff to
18 meaningfully participate in his own representation at the time they entered into an
19 attorney-client relationship.  To the contrary, Plaintiff even concedes that "Mr.
20 Thinnes' representation, loyalty and integrity" to Plaintiff were "not in question at [the
21 time of the first trial]."  (Doc. # 83 at 9).  Therefore, by Plaintiffs own admission,
22 Defendant Thomas Thinnes could not have known at the time he promised that
23 Plaintiff could participate in his own defense that he would not honor that promise.
24 Moreover, McAlister v. Citibank, 829 P.2d 1253, 1260 (Ariz. Ct. App. 1992)
25 establishes that fraud can only be established by unfulfilled promises concerning
26 future events if those statements regarding those events "were made with the
27 present intent not to perform." Id. (citing Spudnuts v. Lane, 641 P.2d 912, 914 (Ariz.
28 Ct. App. 1982).  Simply put, that is not what transpired between Defendant Thomas

Thinnes and Plaintiff. At most, Plaintiff can establish that Defendant Thomas Thinnes decided before Plaintiff's second trial that he did not want Plaintiff's active participation. However, that does not establish fraud at the time their relationship was formed.[1] To the extent that Plaintiff argues that Defendant Thomas Thinnes violated the rules of Professional Conduct in failing to provide "loyal representation," those concerns are not cognizable in a federal diversity action for fraud. As a result, the Thinnes Defendants' and Defendant Owens' motion to dismiss will be granted in its entirety.

In accordance with the foregoing,

IT IS ORDERED THAT

1. The Thinnes Defendants' Motion to Dismiss Plaintiff's January 4, 2006 Amended Complaint (Doc. # 84) is GRANTED.

2. Defendants Thomas A. Thinnes (deceased), the Estate of Thomas A. Thinnes, Thomas A. Thinnes, P.A., and Benjamin A. Thinnes as the personal representative of the Estate of Thomas A. Thinnes are hereby DISMISSED with prejudice.

3. Defendant Robert Owens, through his joinder with the Thinnes Defendants' Motion to Dismiss, is hereby DISMISSED with prejudice.

4. Plaintiff's Second Amended Complaint is hereby DISMISSED with prejudice in its entirety as fully explained herein and judgment shall be entered by the Clerk in favor of all Defendants.

///

///

---

[1] Plaintiff's Second Amended Complaint fails completely to identify a single representation made by Defendant Owens to Plaintiff. As a result, Plaintiff's Second Amended Complaint fails as to Defendant Owens. Plaintiff's assertion that Defendant Owens was an employee of Defendant Thomas Thinnes and profited from his professional relationship with Defendant is of no import when evaluating whether fraudulent statements were made by Defendants to Plaintiff.

1  5. The Clerk shall terminate this action.

3  DATED this 2nd day of May, 2006.

```
                          _____
                                  Morton Sitver
                          United States Magistrate Judge
```